**Ben Frank SMALLEY, Appellant,**

v.

**The CITY OF TULSA, Appellee.**

**No. A–16810.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Hughey Baker, and James N. Khourie, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Ben Frank Smalley, hereinafter referred to as defendant, was convicted in the Municipal Court of Record of the City of Tulsa, Case No. 126237, of operating a motor vehicle while under the influence of intoxicating liquor, and sentenced to ten days in jail and a fine of $100. Judgment and sentence was imposed on June 7, 1971, and this appeal perfected therefrom.

It is defendant's contention on appeal that he was arrested illegally and that all evidence flowing from that arrest was inadmissible. The State contends that the arrest was a proper and lawful citizen's arrest and that evidence resulting from that arrest was properly admitted at defendant's trial.

It was charged by information that the defendant, on February 25, 1971, was operating a motor vehicle while under the influence of intoxicating liquor on the city streets of Tulsa. At defendant's jury trial Robert Kinder and his brother, J. C. Kinder, both testified that on February 25, 1971, they were proceeding down the street in an automobile when they saw a blue, 1954 Chevrolet, being driven by defendant, fail to yield at the intersection. Because of the Chevrolet's failure to yield, there resulted an accident between the Chevrolet and a Rambler. The Chevrolet did not stop after the accident, but proceeded on down the street. Robert Kinder identified the driver of the Chevrolet as the defendant. The Kinders then followed the Chevrolet and observed that it was being driven at a high rate of speed, going back and forth off the road, and weaving. The Kinders followed the Chevrolet to a Gulf Service Station where they observed that a woman was now driving the Chevrolet with defendant as a passenger. When the Chevrolet stopped in the service station, J. C. Kinder inquired of the defendant about hitting the Rambler. Robert Kinder testified that he observed the defendant at the

service station and that defendant could not walk, that he was weaving back and forth, and glassy eyed. J. C. Kinder also testified that he observed defendant at the service station and that he was glassy eyed, staggering, and had the smell of liquor about his person. While at the service station Robert Kinder called the police.

According to the Kinders, the defendant and his female companion then got into a truck and drove away from the service station. The Kinders continued to follow the truck containing the defendant until they flagged down a police car. The police car had already received a radio broadcast concerning a possible drunk driver, and upon being flagged down by the Kinders, they pursued the truck containing the defendant. The officers stopped the truck and checked the identification of the occupants. There were three officers at the scene who testified at the trial that the defendant's speech was confused, that he mumbled, that his eyes were glassy and bloodshot, and that he smelled of alcoholic beverage. Based on their observation of the characteristics of the defendant, and their observation of intoxicated individuals, the officers testified that in their opinion the defendant was intoxicated.

Defendant argues that the officers did not see anything in their presence to indicate that the defendant was intoxicated, or driving a vehicle while so intoxicated. Defendant relies upon the principle that to arrest for a misdemeanor the arresting officer must either have a warrant or have observed the commission of the misdemeanor in the presence of the officer, which observation must have occurred prior to the arrest. 22 O.S.1971, § 196. Petitioner argues that the arresting officers did not see the commission of a misdemeanor in their presence, and thus their arrest of the defendant was illegal.

In support of his position the defendant relies upon the case of Shirey v. State, Okl.Cr., 321 P.2d 981 (1958). In the Shirey case the defendant was arrested for drunk driving by a highway patrolman and

convicted of that offense. This Court found on appeal that the arresting officer did not see anything in his presence that would justify defendant's arrest. Rather, the arresting officer had relied upon a radio report that defendant's vehicle had been observed by another to be driving in a manner indicating the driver was intoxicated. This Court held that since the arresting officer saw no offense committed in his presence, the arrest was illegal and that, "the evidence obtained by this unlawful arrest should have been excluded upon . . . objection . . ." 321 P.2d at 987.

The State contends that J. C. Kinder in fact made the arrest of the defendant for the offense committed in his presence. Title 22 O.S.1971, § 202 provides that a private person may arrest another for a public offense committed or attempted in his presence. There is, however, some fact question as to whether or not the arresting officers requested that J. C. Kinder make the citizen's arrest, or if Kinder initiated the arrest on his own. Be that as it may, the arrest, even if it was illegal, does not in our view require reversal of the conviction.

 The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, and does not preclude the trial of the accused for the offense. Harrison v. State, Okl.Cr., 461 P.2d 1007 (1969). The significance of an illegal arrest, if there was one, would be as was stated in Shirey v. State, supra, that evidence obtained by the unlawful arrest would be excluded upon objection.

In the instant case there was no evidence admitted at defendant's trial as a result of the search of the truck when he was arrested. The only evidence resulting from the arrest was the observation of defendant by the officers after they had stopped the truck in which he was a passenger. But even if this evidence was excluded from consideration, two other witnesses, Robert and J. C. Kinder, both testified as to their observations of the defendant and his condition prior to the arrival of the police officers. These two witnesses testified that while at the service station they observed that the defendant was glassy eyed, weaving, staggering, and smelled of liquor. Thus, even if the testimony of the officers as to defendant's condition would be excluded, there still remains in the record competent evidence from which the jury could conclude that the defendant was operating the motor vehicle while intoxicated. It is to be remembered that the witness Robert Kinder observed that it was the defendant driving the Chevrolet when it hit the Rambler, and while the vehicle was weaving back and forth and off the road.

Therefore, assuming without deciding that the arrest was illegal, we find that there was competent evidence untainted by the arrest which is competent and sufficient to support the defendant's conviction. Affirmed.

BUSSEY, P. J., concurs.